UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Fujian Gutian Daxing Import & Export Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> Xiamen Sunnypet Products Co., Ltd., <br><br> *Defendant*. | **Case No. 25-cv-1707** <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Fujian Gutian Daxing Import & Export Co., Ltd. d/b/a AIVITUVIN PETS ("Plaintiff" or "AIVITUVIN PETS"), against Defendant Xiamen Sunnypet Products Co., Ltd. ("Defendant" or "Sunnypet"), seeking a declaration that Plaintiff's Pet House products, identified by ASINs B0F6TTLHCB, B0D4D4PYHQ, B0DNSYH3TJ (the "Accused Product" or "Pet House") do not directly or indirectly infringe Patent No. 10,687,510 B2 (the "'510 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

## INTRODUCTION

1. Plaintiff received a notice from Amazon.com ("Amazon") in or around August 2025, stating that Amazon had received a report from Defendant alleging that the Accused Product infringes U.S. Patent No. 10,687,510 B2. *See* Exhibit A.

2. Defendant's baseless infringement complaint to Amazon has caused, and continues to cause, significant harm to Plaintiff. Amazon has already removed the Accused Products from its marketplace, thereby cutting off Plaintiff's primary U.S. sales channel. As a result, Plaintiff has suffered immediate and ongoing lost sales, loss of associated goodwill in the product listings, and substantial reputational harm. The alleged infringement is wholly without merit because the Accused Products do not meet each and every limitation of any asserted claim of the '510 Patent.

## NATURE OF THE ACTION

3. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.* Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through enforcement of the '510 Patent.

4. This action further seeks damages for Defendant's tortious activities.

## PARTIES

5. Plaintiff Fujian Gutian Daxing Import & Export Co., Ltd. d/b/a AIVITUVIN PETS is a corporation organized under the laws of China, with its principal place of business in Gutian, Ningde, Fujian Province, China.

6. Upon information and belief, Defendant Xiamen Sunnypet Products Co., Ltd. is a corporation organized under the laws of China, with its principal place of business located at Room 508A, Zone B, 178# Xinfeng Road, Huizhi Space, Huozhi High-tech Zone, Xiamen, Fujian,

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Xiamen. Defendant is listed as the assignee of the '510 Patent and is the rights owner that filed the Amazon complaint against Plaintiff's products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through the enforcement of the '510 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

9. This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '510 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '510 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

10. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCT

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

11. In or around August 2025, Amazon sent a notice to Plaintiff stating that its pet house listings had already been removed from the platform. The notice from Amazon is attached hereto as Exhibit A. The removed listings were associated with Plaintiff's Amazon seller account bearing Seller ID A1AULUTR31MGNZ.

12. In the notices, Amazon informed Plaintiff that the right owner of the '510 Patent is identified as Sunnypet, with the rights owner's email address listed as patent@sunnypet.com. *Id.* The alleged infringement type is Patent, and the Patent Number is US 10,687,510 B2. *Id.*

13. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Defendant's infringement complaint has already resulted in the removal of Plaintiff's listings from Amazon, thereby cutting off access to Plaintiff's most significant channel of trade. As a result, Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff, including lost sales, loss of goodwill, and reputational damage.

## U.S. PATENT NO. 10,687,510 B2

14. The '510 Patent is entitled "Easy-to-Fold and Easy-to-Assemble Box and Pet House Using the Box." It generally discloses a foldable box structure that can be quickly assembled into a pet house, comprising panels (left, right, front frame, rear frame, bottom panel, and top cover) connected by rotatable connectors, designed to reduce the number of components, simplify assembly, and improve convenience for storage and transport. *See* Exhibit B.

15. The '510 Patent issued on June 23, 2020. It contains three claims (including independent claim 1) relating to the foldable box and pet house structure. *See **Id.***

## COUNT I

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '510 PATENT)**

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '510 Patent by the Accused Product, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '510 Patent.

18. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '510 Patent, as the Accused Product fails to meet one or more elements of independent claim 1 of the '510 Patent.

19. Claim 1 of the '510 Patent recites:

> An easy-to-fold and easy-to-assemble box comprising:
> a left panel,
> a right panel,
> a front frame,
> a rear frame,
> a bottom panel, and
> a top cover;
> wherein the left panel and the right panel are formed by connecting two or more sideboards in a vertical direction through a first rotatable connector;
> the bottom panel has a rotatable connection end and a movable end;
> the rotatable connection end is rotatably connected to a lower part of the front frame or a lower part of the rear frame through a second rotatable connector;
> a bottom surface of the movable end abuts against the lower part of the rear frame or the lower part of the front frame;
> an inner side of each of the two ends of the front frame or the rear frame is provided with a vertical edge strip;
> the length of the vertical edge strip along a length extending direction of the left panel is equal to or more than the thickness of the bottom panel;

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

one end of both, the left panel and the right panel, is connected to the vertical edge strip through a third rotatable connector;

an other end of both, the left panel and the right panel is correspondingly connected to the rear frame or the front frame;

the top cover is connected to an upper part of an outer wall of the front frame or the rear frame through a 360-degree rotational connector;

the top cover is turned downward to abut against an outer side wall of the front frame or the rear frame;

the bottom panel is turned upward to abut against an inner wall of the front frame or the rear frame; and

the sideboards of the left panel and the right panel are sequentially folded to make the front frame and the rear frame move toward each other, so as to fold the box.

20. Plaintiff's accused products (including ASINs B0F6TTLHCB, B0D4D4PYHQ, and B0DNSYH3TJ) do not infringe any claim of the '510 Patent, either literally or under the doctrine of equivalents.

21. The '510 Patent is directed to an "easy-to-fold and easy-to-assemble box and pet house using the box." Plaintiff's accused products differ substantially from the claimed invention, including in their structure and manner of assembly, and thus fail to meet one or more elements of each asserted claim of the '510 Patent.

22. Plaintiff's accused products include, among others, the Aivituvin AIR 100 pet hutch and the Aivituvin AIR 100-XL-L pet hutch.

23. With respect to the AIR 100, independent claim 1 of the '510 Patent requires, inter alia, a "bottom panel having a rotatable connection end" that is "rotatably connected to a frame through a second rotatable connector" and can be "turned upward to abut against an inner wall." The AIR 100 instead uses two independent, removable floor plates that are not rotatably connected to any frame, cannot be turned upward while attached, and lack the claimed movable end. These missing limitations defeat literal infringement, and the substantial differences in function, way, and result also preclude infringement under the doctrine of equivalents. *See* Exhibit C.

24. With respect to the AIR 100-XL-L, claim 1 similarly requires a rotatably connected bottom panel and multi-sideboard left and right panels that are "sequentially folded." The AIR 100-XL-L, like the AIR 100, uses removable floor plates rather than a rotatably connected panel, and its right panel is a single integral board, not "two or more sideboards … sequentially folded." These missing limitations independently defeat literal infringement, and differences in function, way, and result preclude infringement under the doctrine of equivalents. *See* Exhibit D.

25. Because neither AIR 100 nor AIR 100-XL-L satisfies the limitations of independent claim 1, they likewise cannot infringe dependent claims 2 or 3 of the '510 Patent, either literally or under the doctrine of equivalents.

26. Defendant's baseless infringement reports on the Amazon platform have caused, and continue to cause, a substantial and real threat of an infringement lawsuit. Amazon has removed the Accused Products from its marketplace in direct response to Defendant's complaint, cutting off Plaintiff's primary U.S. sales channel and causing lost sales, loss of goodwill, and reputational harm.

27. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '510 Patent.

28. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product (including ASINs B0F6TTLHCB, B0D4D4PYHQ, and B0DNSYH3TJ) does not directly or indirectly infringe the presumably valid one or more claims of the '510 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

## COUNT II
**(Tortious Interference with Contractual Relations)**

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

29. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

30. Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

31. Plaintiff has a valid and existing contract with Amazon in order to sell its products through Amazon.com.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with Amazon.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with that contractual relationship by knowingly and intentionally asserting materially false allegations of patent infringement under the '510 Patent against Plaintiff, for the purpose of causing Plaintiff's listings to be removed from Amazon and eliminating Plaintiff's lawful competition.

34. As a result of Defendant's improper acts, Plaintiff's listings were removed from Amazon. Defendant's improper acts interfered with Plaintiff's existing contracts with Amazon, including but not limited to the Amazon Services Business Solutions Agreement, impacting Plaintiff's abilities to fulfill their contractual obligations with Amazon.

35. As a result of Defendant's improper acts, Plaintiff's contractual relationships and/or business expectancy with Amazon are compromised, and Plaintiff has suffered interruptions of their ongoing business activities with Amazon.

36. As a result of Defendant's improper acts, Plaintiff has suffered direct, proximate, and foreseeable damage and continues to suffer direct, proximate and foreseeable damages.

37. Defendant's efforts to have Plaintiff's products delisted through improper means was and is in itself unlawful and improper.

38. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT III
### (Unfair Competition in Violation of the Washington Consumer Protection Act (RCW 19.86.020 et seq.))

39. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

40. The Washington Consumer Protection Act (CPA) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash. 19.86.020. The elements for a private CPA claim are: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a person's business or property, and 5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

41. Upon information and belief, Defendant offers for sale a variety of products on Amazon, including but not limited to pet-related products, which directly compete with Plaintiff's Accused Product.

42. It is in the public interest for consumers to be able to choose from a wide variety of products when shopping online such as on Amazon.

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

43. Defendant engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 et seq., by committing unfair and deceptive acts—namely, filing baseless patent infringement complaints with Amazon that resulted in the removal of Plaintiff's product listings. These acts occurred in trade or commerce, impacted the public interest in Washington by limiting consumer choice, and directly caused injury to Plaintiff's business and property.

44. As a result of Defendant's conduct, Plaintiff is entitled to damages in an amount to be proven at trial, including reasonable attorneys' fees, costs, and treble damages under RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.   For judgment in favor of Plaintiff against Defendant on all claims.

B.   Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '510 Patent;

C.   Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '510 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

D.   Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

E.   A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

F.   Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

G.  Awarding Plaintiff their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, inter alia, Washington's Consumer Protection Act, due to the exceptional nature of this case, or as otherwise permitted by law;

H.  Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J.  Awarding pre- and post-judgment interest; and

K.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: September 4, 2025

By: /s/ Ruoting Men
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*